IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CR. No. C-06-782 (1) |
| | § | |
| VERMON KELLEY. | § | |

### ORDER DENYING LETTER MOTION FOR REDUCTION OF SENTENCE

On July 23, 2010, the Court received from Defendant Vermon Kelley a letter motion in which he states that he wants to be considered for "the two point reduction in the crack cocaine statute" effective November 1, 2008. (D.E. 147.) Most of his letter, however, is devoted to explaining why he did not submit his request earlier. The Court construes the letter as a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on United States Sentencing Guideline ("U.S.S.G.") Amendment 706. Regardless of the timing of the request, however, Kelley is not entitled to relief, as discussed herein.

The Court's authority to reduce a sentence pursuant to a Sentencing Guideline amendment comes from 18 U.S.C. § 3582(c)(2). This statute permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The pertinent policy statement is set forth at U.S.S.G. § 1B1.10.

Kelley's request for a reduced sentence relies on Amendment 706 to the United States Sentencing Guidelines, which went into effect on November 1, 2007. Amendment 706 reduces the

1

offense level for sentences related to cocaine base, i.e. "crack cocaine," in certain circumstances. It was designed to reduce the "unwarranted disparity" between sentences for crack and sentences for powder cocaine. See Press Release, U.S. Sentencing Commission, "U.S. Sentencing Commission Votes Unanimously to Apply Amendment Retroactively for Crack Cocaine Offenses" (Dec. 11, 2007) (*available* at http://www.ussc.gov/PRESS/rel121107.htm). As of March 3, 2008, Amendment 706 could be applied retroactively. See id.; U.S.S.G. § 1B1.10(c).

From the Court's review of the record and, in particular, Kelley's Presentence Investigation Report ("PSR"), it is evident that Kelley is not entitled to relief under Amendment 706. Kelley was convicted, after a jury trial, of one count of being a felon in possession of a firearm, and one count of possessing with intent to distribute approximately 17 grams of cocaine base. (See PSR at 1, ¶¶ 1-3.) Although his conviction involved cocaine base, his offense level was not determined in whole or in part based on the amount of crack cocaine involved in the offense.

Specifically, because Kelley had multiple counts of conviction, the grouping rules in U.S.S.G. Chapter Three, Part D, were applicable. (PSR at ¶ 14.) Those rules required that the count resulting in the highest offense level be used to determine the offense level. (Id.) In this case, Kelley's conviction for being a felon in possession was the highest offense level and thus it was that offense that determined his base offense level. (Id. at ¶¶ 14-15.) While Kelley's offense level was increased because he committed the offense in connection with the felony offense of possession with intent to distribute (PSR at ¶ 18), the *amount* of cocaine base involve din the offense played no role in determining that increase. (See id.)

Accordingly, Amendment 706 is inapplicable in Kelley's case because it would not alter his offense level or guideline range. See U.S.S.G. § 1B1.10(a)(2)(A)-(B) (a reduction in sentence under

2

18 U.S.C. § 3582(c)(2) is not authorized if "none of the amendments listed in subsection (c) is applicable to the defendant" or if a listed amendment "does not have the effect of lowering the defendant's applicable guideline range.") Thus, Kelley is not eligible for resentencing nor entitled to a reduction in sentence based on Amendment 706.

For the foregoing reasons, Kelley's letter motion for a reduced sentence (D.E. 147) is DENIED.

It is so ORDERED this 9th day of August, 2010.

_____
Janis Graham Jack
United States District Judge